No. 3770.

(Court of Appeal, Parish of Orleans.)

## FRED NUNGE, vs., SAM. CEGRETTO.

### ON MOTION TO DISMISS.

Where a motion to dismiss involves an examination of the whole record, the Court may properly refer the same to the merits.

Motion denied in limine without prejudice.

Appeal from Civil District Court, Division, "B."

E. W. Rischow, C. A. Schreiber & G. Fernandez, for plaintiff and appellee.

C. A. Butler, for Defendant and Appellant.

DUFOUR, J  The matters alleged as cause for dismissal are of such a nature as to require a thorough examination of the record in order to determine their correctness.

Under such circumstances, our practice is to refer the motion to the merits.

The motion is dismissed *in limine* without prejudice.

June 22, 1905.

### ON THE MOTION TO DISMISS.

1. In a suit to annul a donation inter vivos the jurisdiction of the appellate court will be determined, in the absence of any other evidence of the present value of the property, by the value of the property as fixed by the Act of donation.
2. The value of the property as thus fixed being within our jurisdictional limit the motion to dismiss or transfer is denied.

### ON THE MERITS.

1.   The mere promise of a donce to support the donor, where the latter diverts himself of all his property, is not a reservation of enough of the donor's property for his subsistence, within the meaning of Art. 1497. C. C.
2. Where a donor gives by donation inter vivos the only piece of real property he possesses it is not necessary, in order to save the donation from nullity under that article, that he should reserve to himself other real property. It is sufficient that he has reserved sufficient property of other character for his subsistence.
3. Where a donor gives property valued at four hundred dollars,

39

retaining other property worth one thousand dollars, the donation is not *omnium bonorum* and therefore not null under Art. 1497. C. C.

MOORE, J. This was a suit to have declared null and void a donation *inter vivos* on the ground that it contravened the 1497th article of the Civil Code, the donor having at the time, as it is alleged, no other property than that donated; and that in the event the donation should not be deemed null and void it be revoked for breach of the conditions imposed on the donee by the act of donation.

The answer admits the donation but denies the alleged causes for nullity or revocation, and prays in reconvention, in the event that the donation should be held either to be null or revocable, for a judgment against the plaintiff in the sum of Four Hundred and Thirty-eight Dollars for taxes paid on the property donated, repairs, insurance, etc.

There was judgment in favor of the plaintiff annulling the donation and against the plaintiff and in favor of the defendant on his reconventional demand for Four Hundred 55-100 dollars.

From this judgment defendant appeals.

The appellee does not answer the appeal, but he challenges the jurisdiction of the Court on the ground that the amount involved exceeded our highest jurisdictional limits, the contention being that the property sought to be recovered in the suit exceeds two thousand dollars in value. This contention is not sustained by the record. The sole and only evidence as to the value of the property to be found in the record is that fixed by the parties themselves, and they fix that value at four hundred dollars. No attempt was made below and none made here to show the *present* value of the property. In the absence of such evidence we will assume that its present value is the same as its value at the date of the donation and as fixed by the parties themselves.

On the merits we find the facts to be that plaintiff an aged person, of humble station and small wants, did on the 24th of April, 1901, by a notarial act convey, by donation inter vivos to the defendant a certain portion of ground situated in the City of New Orleans, the value of which being fixed by the parties at $400.00. The act recites that the donation was made on the following conditions:

First—That he (the donee) shall receive the donor in his home and provide said donor with proper, sufficient and wholesome food, rainment and clothes, furnish him with decent and cleanly lodging and give and supply him with proper care in health and with medical attendance in sickness, so long as said donor shall live.

And upon the death of the latter, he, the donee, shall attend to the burial of his body, attended with all proper religious rites and ceremonies becoming donor's station in life.

Second—And that he, the said donee, shall maintain the improvements on the said property in good state of repairs and keep the buildings constantly insured against loss by fire, to an amount sufficient to insure the reconstruction of said buildings in case of destruction by fire, totally or partially. In order to secure the faithful execution of the foregoing obligations the said donor reserves a mortgage upon the above described property which the donee binds himself not to sell, encumber or deteriorate to the prejudice of this act." The act was duly recorded in the Mortgage and in the Conveyance offices of the City of New Orleans.

From the moment of this donation the plaintiff took up his residence with the defendant in the property donated and remained with him there until the 1st day of October, 1903, when he left there of his own free will and accord. Six months thereafter this suit was brought. He had resided with the defendant something over thirty months and there is not a scintella of evidence to establish a breach, in any particular whatsoever, of any of the obligations imposed on the defendant by the conditions of the act of donation. Indeed the Counsel for Plaintiff neither in oral or printed argument lay any stress on this branch of the case at all. A full compliance with the conditions of the donation has been affirmatively and abundantly shown, hence there existed no grounds for its revocation or annullment.

There is now left for consideration the question of the nullity of the donation, which is the main, if not the sole ground of reliance of plaintiff.

Art. 1497 C. C., provides that the donation inter vivos shall

in no case divest the donor of all his property. He must reserve to himself enough for subsistance; if he does not do it the donation is null for the whole.

It has been repeatedly held that the *mere* obligation inserted in an an act of donation inter vivos, of *all* the donors property, that the donee shall, without charge, supply the donor during his life with clothes and food etc etc, cannot be considered as a reservation of enough of the donors property for his subsistence, within the meaning of this Article. The donor must keep in his own possession enough of his property for his subsistence; 11 R 302 ;12 A. 204 ;50 La. An. 732 ;113 La 823. He must keep some; he cannot give all. This proposition is not controverted by the defendant's counsel, but on the contrary is admitted; his contention, however, being that he has affirmatively shown that the donor at the time of the donation had other property. This is denied by plaintiff's counsel but his denial seems to be based on the theory that "other property" refers to real property, as it was that character of property which was donated. The only real property possessed by the donor at the time the donation was made was that which was donated, but it does not follow that because that was his sole possession of that character of property, the donation is null notwithstanding he may possess other character of property, movable or personal, rights or credits. If he possessed any character of property at the time, enough for his subsistence, the donation is not null.. The record shows that the donor did not divest himself of *all* his property, for he had at that time other property nearly three fold greater in value than the property donated. This property consisted of promissory notes aggregating a little less than $1000.00 and bearing interest at the rate of eight per cent per annum, on which he had already collected in cash since the donation, $850.00. It will, therefore, be perceived that this was not a donation *omnium bonorum,* and that the donor *did reserve to himself the major portion of his property...Under* the authorities, *supra,* this saves the donation from the nullity prescribed by the articles of the code referred to.

There being, as we have stated, no proof of the violation of the conditions imposed on the donee by the act of the donation, and as it is shown that the donor did no divest himself of all his

property, the donation is therefore not null nor annullable and the judgment appealed from must be reversed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby set aside annulled and reversed and that there be judgment in favor of the defendant rejecting plaintiff's demand at his costs in both Courts.

November 27, 1905.

Rehearing refused December 11, 1905 .

Writ refused by S. C. January 31, 1906.